and our last case this morning is the United States against Thacker. All right, I see both counsel. Mr. Drysdale, you may proceed. Thank you, Your Honor, and may it please the court. My name is Tom Drysdale and I'm here from the Federal Defender's Office on behalf of the appellant Ross Thacker. Your Honors, the question we are here to answer today is a very specific one, and that is, does the district court have the discretion to consider a change in sentencing law under 18 U.S.C. section 3582c1a's extraordinary and compelling standard? And that question is important because we're not asking this court to determine whether the change is indeed extraordinary and compelling. What we're asking this court to determine is whether there's anything in the plain language of the statute that would prohibit the district judge from taking this into account. And as every circuit court now that has considered this issue has held, the answer is no. And that's precisely what the Sixth Circuit just held in United States v. Owens. And in Owens, the Sixth Circuit says, we're not going to attempt to reach the merits of the defendant's arguments. But the district court's order finding that it was not permitted to consider a stacked 924c sentence as part of the analysis fails to acknowledge all of the factors Owens raised in connection with his motion. Mr. Drysdale, can I ask you just to, and I really appreciate what you're saying, just to clarify or be a little bit more precise. Certainly. When you say, not asking the court to hold that the change in law can itself constitute the qualifying condition that way. Does that mean, or are you arguing, does that mean therefore that the defendant otherwise has to show that the standard is satisfied? Has to point to something else? In other words, I have terminal cancer or something like that. Your Honor, I think it could be a number of factors. And I think that's what the Sixth Circuit kind of said in Owens is that even if we're not going to consider it by itself, the defendant can put forth other things such as currently COVID-19 or his youth at the time of his extreme rehabilitation in prison, which in and of itself can't be an extraordinary and compelling circumstance, but in conjunction with other things, or possibly the need to take care of one's family, a number of other circumstances. And that's really what the argument is here today, Your Honor, is that there's nothing in the plain language of the statute that categorically forbids the district judge from taking this into account as part of its analysis. And actually, Your Honor, I would like to answer a question that Judge Scudder posed in a separate argument on this very related issue, and that's whether another defendant five or six years ago who had a mandatory minimum sentence prior to the First Step Act, could the BOP have moved for his release under the policy statement? The answer is absolutely yes. The BOP has always had that authority if that individual met the standard. And the BOP has always had that authority to move for a sentence reduction that actually put the individual below the statutory mandatory minimum sentence that Congress had prescribed for whatever particular offense he had committed. If under Application Note A, that individual was suffering from a terminal illness, then if he was serving a life sentence, BOP could move for his relief because he was going to die from his terminal illness. If we look even more specifically to Application Note B, well, that application note says that if you're 65 years old, if you're suffering from a medical condition, and you have at least 10 years of your sentence, then you qualify under the policy statement. So that particular individual under Application Note B, if he or she was serving a 20-year mandatory minimum, a mandatory minimum of life, if he had reached that 10-year threshold, that individual qualifies for compassionate release, assuming his circumstances are extraordinary and compelling. Mr. Dreisberg, I appreciate you addressing that. You listened to the oral argument in the other case. Yes, Your Honor. So, Sutton, let me ask you this. In today's world, could a defendant say this, you know, I've been in a few years. I'm taking advantage of all the opportunities. I believe I've demonstrated extraordinary rehabilitation. I'm going to file my motion to get out from under my mandatory minimum for armed career criminal or whatever it is. Producing child pornography, pick, it doesn't matter. Pick an example. And the government says, well, hold on, hold on. What about 2255? How does the compassionate release statute interface with 2255? So I think the answer to that has two components. First of all, Your Honor, in the hypothetical you just posed, that defendant seems to be seeking relief based on rehabilitation alone. And 28 U.S.C. 994-T says that is not acceptable. So for that individual defendant who just says, look, I was given a mandatory minimum. Nothing has changed except for the fact that I've rehabilitated myself. That's parole. And we're not asking for a return to parole because 994-T. He's not arguing that. He's arguing I've turned over a new leaf in life. I've shown extraordinary rehabilitation. And again, Your Honor, I think that 994-T prohibits that. It says that compassionate release may not be based on rehabilitation alone. And so that defendant, without something else, it is not going to meet the standard. So that defendant plus a health condition. That defendant plus a health condition, depending on the health condition in the district judge's discretion, may meet the standard, Your Honor. Yes, because that's more than rehabilitation. And the law says rehabilitation by itself is not OK. To address Your Honor's concern surrounding 2255, Mr. Thacker agrees that this is not designed to be a procedure to circumvent Section 2255. If you can raise your argument in a 2255 petition, meaning it is cognizable as a 2255 petition, attacking the legality of your sentence, something that could have been raised at sentencing, but was it, your counsel was not able to raise it under 2255, then it's more suitable for a 2255. And this court held that in a non-precedential opinion. But we know you can't. We know you can't come in on, I mean, you do this every day. You know you can't come in on 2255. Everyone does and say, I'm just challenging the exercise of sentencing discretion. That is correct, Your Honor. You should have raised that on your direct appeal. So that's not viable under 2255. And the defendant says, well, knowing that, I realize that. So I'm going to end run it. I'm going to go under the compassionate release statute. And I think that the answer is found in an opinion from here in the Central District of Illinois, United States v. Haynes, where Judge McDade made it, he said, look, it's oftentimes the lines of the road between 2255 and compassionate release. But if the individual is raising grounds similar to those that are outlined specifically in the 2255 statute, that is a 2255. But if you're not attacking the legality of your conviction, then you're only seeking a sentence reduction because your disparity is unquestionably great and you've rehabilitated yourself or whatever your circumstances are, that is classified, can be classified as a 3582C1A provision. And that's really what it is. If that's the case, how do we limit what is extraordinary and compelling? Because it sounds to me like you're saying that the 924C, even though Congress said it wasn't retroactive, could be part of an extraordinary and compelling analysis. But if there's a different avenue under 2255 to attack the sentence, then that, whatever avenue that is, that avenue cannot be extraordinary and compelling. So how do we guide the district courts in telling, here's what extraordinary and compelling means when there's other statutory schemes that may say, no, that does not qualify? Your Honor, I think you hit it on it when you said the district court and it's up to the district court. That's what this gun or this court said. But then the district court could end run around 2255, right? Why couldn't they? If everything can be extraordinary and compelling, why can't anything be extraordinary and compelling? Your Honor, I think you can't end around 2255 because if the issue is cognizable as a 2255 and the district court holds it to be extraordinary and compelling under 3582C, then I think that the district court has opened itself up to the type of, quote, different path that this court articulated in gun. But, you know, the district judge who also decided Haynes has already started making the distinction. In Haynes, he found a 924C to be extraordinary and compelling. And in a different case, United States v. Dickerson, the district judge says the fact that your mandatory minimum after the First Step Act has dropped from 20 years to 10 years is not extraordinary and compelling. I'm, in my discretion, going to hold that that is not extraordinary and compelling. It is up for the For these reasons, Your Honors, we ask this to be remanded back to the district court for the judge to consider all of Mr. Thacker's circumstances in combination. Thank you. Thank you, Mr. Bass. Thank you, Your Honor. May it please the court, Timothy Bass on behalf of the United States. Your Honors, if I may start with, as we argue in our brief, the district court's judgment here may be affirmed independent of any anti-stacking or gun argument because of Judge Memm's alternative finding when he said, in any case, compassionate release was not appropriate in this case because of Judge Memm's consideration of the 3553A factor, namely the defendant's dangerousness to the community. And that was based on his extensive criminal history, the violent nature of the offenses, and his disciplinary conduct while in prison. This court said in Williams that a district court may deny a compassionate release motion for any reason. And this court further said in Taylor that this court, the Court of Appeals, may affirm a district court's judgment based on any basis in the record. I think it's important further, Your Honors, to emphasize the procedural posture that we are now in before this court. In the district court, the government conceded that the defendant's health conditions posed a compelling and extraordinary circumstance to warrant consideration of his motion. We conceded that issue. The defendant argued not for a reduction in sentence. He argued for a release based on his health condition, but also on the anti-stacking argument. Now, before the Court of Appeals, though, he has abandoned any argument based on his health condition and is arguing for release and is arguing that his motion should have been a reduction of his sentence. So it seems somewhat unfair, if not waived, for the defendant to be now making a completely different argument than he made before the district court. Why do you think it's a different argument, Mr. Bass? That's interesting because what I heard Mr. Drysdale to say, and I may have misheard him, you might be right, that no, no, no, all we're asking for is that the district court consider all this in kind of a hopper of factors, if you will. Health, change in law, I don't think there's anything else in this case, but you know, consider it all together. And so the change in law would be one of the factors that would inform the district court's finding of whether there's extraordinary and compelling circumstances. I thought that's what he's arguing. Your Honor, the change in argument I'm pointing out is in his reply brief. He's arguing that the district court erred in considering dangerousness because the district court could have reduced his sentence rather than released him. His argument in the district court was for release. His argument to this court in his reply brief now is changed to say the dangerousness is not as relevant because the district court could have reduced his sentence. That is a different argument. And I would further say that the dangerousness consideration shouldn't matter whether the defendant's asking for a release or for a reduction in his sentence. The issue is the same. Should the district court reduce the defendant's sentence or release him any sooner than necessary based on his dangerousness to the community? So that was the change in argument that I was pointing out, Your Honors. And I would just emphasize that the district court's judgment in this case may be affirmed independent of any finding or any ruling by this court regarding the anti-stacking argument. But given that this issue is now before the court, and I too have listened to the Sutton argument, and Your Honor, Judge Scudder's question, hypothetical, and Judge Easterbrook's question, and on that issue, the district court correctly held as a matter of law that the change in sentencing law cannot be an extraordinary and compelling circumstance. And the reason for that is first to answer Judge Easterbrook's question in Sutton, what is the authority for finding that enforcement of a legally valid sentence then and a legally valid sentence now is compelling and extraordinary? And the answer to that question is there is no such authority. And Your Honor, Judge Scudder, your hypothetical, I understood your hypothetical to be if five years ago, could the Bureau of Prisons file a motion for a compassionate release based on a change in sentencing law? Absolutely no. It could not have made such a motion. And the reason for that is because Congress, and Congress alone decides whether or not a change in sentencing law, a change in sentence is to be applied retroactively or prospectively. This court said so in the Sparkman case cited in our brief that unless it's clear from the statute, and it's Congress alone that decides the application of sentencing law, unless it's clear from the statute, changes in sentencing law are not applied prospectively. So that we submit is the error in McCoy and the other circuit, Owen's other circuit court decisions, because once you answer that question about retroactivity or not, then you don't even get to the further consideration because it's Congress alone that decides retroactivity. And the Congress in section 403B of the First Step Act expressly said that the changes to the 924C penalties are not to be applied retroactively. So what about Mr. Drysdale? Mr. Drysdale is making a more limited point in his argument today, saying we're not arguing that of its own force, the First Step Act can constitute an extraordinary and compelling circumstance, the change in law. So that's not what we're arguing as an isolated factor that the change in law is an extraordinary and compelling circumstance. What he's saying is that it should be in the mix of considerations for a district judge as to whether a particular defendant has presented in totality extraordinary and compelling circumstances. So move away from this case, Mr. Bass, and create some hypothetical, make it hard. Terminal cancer, in jail for a long time, served a meaningful sentence, good prison record, you know, just keep adding to it. Can one of the factors be, and the law has changed, he wouldn't be under stack 924Cs today for these Hobbs Act robberies or whatever. Your Honor, I think in this case and in your hypothetical, a defendant could establish a compelling and extraordinary circumstance to warrant release based on health conditions and so forth. And we conceded that he had made, in this case, the defendant had made such a showing. But the minute you consider a change in sentencing law, you are applying, the mere consideration of a change in the sentencing law is applying that change prospectively. And that is, you can't avoid that, whether you apply it in the broad to all defendants or whether you apply it, as my friend Mr. Drysdale is arguing, in individual cases as McCoy said and Owen said. It's what I believe another court, as we cite in our brief, it's just an end around, the mere consideration of the change in sentencing law is just an end around the non-retroactivity that Congress expressly provided for in the statute. There's no other way to say otherwise, I would submit, that it's the mere consideration of that change is a prospective application of that change. So I hope that answers your question, Your Honor. And two additional reasons why the change in sentencing law should not be a factor for compassionate release. And those are that Congress did, in the First Step Act, change the gatekeeping function of the compassionate release statute and now allow defendants themselves to file motions for compassionate release. No question about that. But Congress did not expand the class of defendants eligible for compassionate release, nor did it expand what compelling and extraordinary circumstances are. And finally, it cannot be overemphasized what a change in sentencing law consideration would do in transforming sentencing law in the future and would lead to the type of Wild West sentencings that this court cautioned against in Gunn. I see that my time has expired. For those reasons, we would ask that the judgment be affirmed. Thank you very much. Mr. Drysdale, your time had expired, but you may have an extra minute if you have something to say in rebuttal. Thank you, Your Honor. Just briefly, first of all, we have not changed our argument. We moved for a sentence modification under Section 3582C1A. And simply because we asked for the sentence of time served, that doesn't cabin the district court's authority to somehow impose something more than time served. The court, of course, has that authority. Just because we asked for that sentence doesn't mean the court cannot impose it. The government's position that the 3553A analysis saves this case runs afoul of this court's recent opinion in United States v. Newton, where this court expressly stated the district court's analysis must give reasonable assurance that the principal arguments were addressed. So if Mr. Thacker's argument as to change in sentencing can be addressed, it has to be addressed. And it's unquestioned here that the district court didn't. And finally, the fact that the government tries to cabin 3582C1A's remedial power using Section 403 of the First Step Act, you can't. 3582 is its own procedural vehicle with its own limitations. Thank you, Your Honors. All right, thank you very much. Our thanks to both counsel. The case is taken under advisement and that concludes today's calendar. The court is in recess.